# APPEAL NO. 22-3049

# UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

---

AVERY WILSON

*Plaintiff-Appellant,*

v.

CTW TRANSPORTATION SERVICES, INC., COLBY HARLOW, JACQUELINE WOODS, AND TIMOTHY IRELAND

*Defendants-Appellees*

---

Appeal from the United States District Court
For the Western District of Missouri
Civil Case No. 4:21-CV-0682-DGK
(Greg Kays)

---

## Appellant's Initial Brief

---

Avery Wilson
992 SW 100 Road
Waldron, Kansas 67150
(816)-663-9782
ctwlitigation@gmail.com

*Appellant Pro Se*

# SUMMARY AND REQUEST FOR ORAL ARGUMENT

Plaintiff Avery Wilson[1] ("Wilson") was an owner/operator of commercial motor vehicles and on 18 August 2020, entered into an Independent Contractor Agreement to haul freight for Defendant CTW Transportation Services, INC.[2] ("CTW"). During this lease agreement between Wilson and CTW, Wilson noted several safety violations on CTW's equipment that violated the Federal Motor Carrier Safety Regulations ("FMCSR"). Wilson properly launched complaints and sought corrective measures with his immediate supervisor, Jacqueline Woods ("Woods"), his fleet manager, Timothy Ireland ("Ireland"), and even the owner of CTW himself, Colby Harlow ("Harlow"). Wilson's concerns went entirely unaddressed and unabated by Woods, Ireland, and Harlow. Wilson then filed a formal Grievance with CTW on 1 September 2020. CTW's response (specifically CTW's Owner, Harlow) was to retaliate against Wilson and terminate Wilson's contract with CTW on 2 September 2020. Wilson then filed a complaint with the Federal Motor Carrier Administration on 3 September 2020 and retained Mr. Paul Taylor Esq. and Mr. Peter LeVoie Esq. as counsel. Mr. Taylor filed Wilson's whistleblower complaint with Occupational Safety & Health Administration ("OSHA") on 7 October 20.

---

[1] Avery Wilson is an employee within the meaning of 49 U.S.C. § 31101.
[2] CTW Transportation Services, Inc., and appellees are persons within the meaning of 1 U.S.C. § 1 and 49 U.S.C. § 31105.

## JURISDICTION STATEMENT

This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. §1291. The District Court dismissed this case in its entirety on 19 September 2022. Wilson timely filed a Motion for Reconsideration (captioned as "Plaintiff's Objections), which was denied on 29 September 2022. Wilson timely filed the notice of appeal on 25 September 2022.

## STATEMENT OF ISSUES

The District Court seems to be relying solely on the conclusory statements of the Defendants that Wilson acted in bad faith by causing a delay that would have prevented the Secretary of Labor from rendering a decision within 210 days. It should be noted that Wilson did not act in any way that would have prevented the Secretary of Labor from rendering a decision within 210 days. The initial complaint alleging violations of Surface Transportation Assistance Act ("STAA") was filed on 7 October 2020. 210 days from the filing of the complaint put the 210-day deadline on 5 May 2021. The scheduling order issued by the Administrative Law Judge ("ALJ") set the trial date for 27 July 2021 and set the close of discovery on 25 May 2021. Wilson was not ordered to produce his phone for forensic analysis until August of 2021, after discovery had closed and after the 210- day window had closed. ALJ rung the 210-day bell at the outset when ALJ issued the scheduling order. 49 U.S. Code § 31105 (c) reads:

> With respect to a complaint under paragraph (1),[1] if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee_ may bring an original action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury.

The District Court has erred in its order dismissing the case for lack of subject matter jurisdiction.

## STATEMENT OF THE CASE

On 7 October 2020, the Appellant engaged in protected activity under 49 U.S.C. § 31105 ("STAA"), when he filed a whistleblower complaint with OSHA under the STAA (Case No. 7-4120-21-003); and, on or about 13 January 2021 when he filed objection with the Office of Administrative Law Judges ("OALJ") to OSHA's determination of dismissal [3] for the 7 October 2020 complaint. Appellees had direct knowledge of the protected activities. Appellant experienced an adverse employment action when appellees terminated his contract for filing safety related complaints with OSHA and the Federal Motor Carrier Safety Administration ("FMCSA"), and by suing Wilson in Clay County Circuit Court styled as *CTW*

---

[3] OSHA made that determination in response to Wilson's request for Expedited Case Processing of Case No.: 7-4120-21-003. OSHA's dismissal did not constitute a finding that CTW did not violate the STAA. On 23 September 2021, the OALJ dismissed the case because Wilson had filed suit pursuant to 49 U.S.C. § 31105 (c) in the United States District Court for the Western District of Missouri. The suit made the same claims as those that had been before OALJ.

*Transportation Services, Inc. v. Avery Wilson and Simpatico Logistics, LLC*, 21CY-CV02631 (Clay County, Missouri). CTW's lawsuit against a protected whistleblower triggered another whistleblower complaint that is currently being litigated in OALJ.

Appellees are persons within the meaning of 1 U.S.C. § 1 and 49 U.S.C. §31105. CTW is a commercial motor carrier transporting goods via commercial motor vehicles with a gross vehicle weight rating of 10,001 pounds or more. Appellant is an employee within the meaning of 49 U.S.C. § 31101. In the course of his employment with CTW, he directly affected commercial motor vehicle ("CMV") safety, in that he drove CTW's trailers and trucks over interstate highways in commerce to deliver goods. Appellant and Appellees are therefore, covered by the STAA (49 U.S.C. §31105).

## ARGUMENT

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States[,]" or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 599*599 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). Absent

jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional

issue. *Clark v. Tarrant Cnty.,* 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As,* 241 F.3d at 424.

Plaintiff filed suit pursuant to 49 U.S.C. § 31105, which confers jurisdiction on the court:

(1) In general. An employee who alleges discharge, discipline, or other discrimination in violation of subsection (a), (b) or (c) of this section, may seek relief in accordance with the provisions of this section, with any petition or other request for relief under this section to be initiated by filing a complaint with the Secretary of Labor.

\* \* \*

(3) De novo review. With respect to a complaint under paragraph (1), if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury.

49 U.S.C. § 31105 (C)(c).

## Analysis

As Defendant concedes in his Motion to Dismiss, the Secretary of Labor, through OSHA, had not yet issued a final decision by 5 May 21, the 210th day after Plaintiff filed his administrative claim. Defendant contends that the court should find that jurisdiction is lacking because the delay in issuing a final decision was due to Plaintiff's "bad faith". Defendant has provided no acceptable evidence to prove his allegation that Plaintiff has fabricated and spoliated evidence, or that Plaintiff has caused the Secretary to delay in rendering a decision within 210 days. Plaintiff did not act in any way that would have prevented the Secretary of Labor from rendering a decision within 210 days. The initial complaint alleging violations of Surface Transportation Assistance Act ("STAA") was filed on 7 October 2020. 210 days from the filing of the complaint put the 210-day deadline on 5 May 2021. The scheduling order issued by the Administrative Law Judge ("ALJ") set the trial date for 27 July 2021 and set the close of discovery on 25 May 2021. ALJ's scheduling order expired the 210-day deadline- not Plaintiff. Wilson was not ordered to produce his phone for forensic analysis until August of 2021, after discovery had closed and after the 210- day window had expired. ALJ rung the 210-day bell at the outset when ALJ issued the scheduling order. It should also be noted that ALJ ordered Plaintiff to produce his phone based entirely on conclusory statements by the Defendant. Is litigating a case considered a bath faith delay? Either way, what defendants construe

Appellate Case: 22-3049     Page: 8     Date Filed: 10/19/2022 Entry ID: 5209422

as a "bad faith delay" happened after the 210-day deadline and was nothing more than Plaintiff litigating the case.

The real issue here is whether Plaintiff caused the Secretary's delay. The sole issue in this Rule 12(b)(1) motion is whether the court lacks subject matter jurisdiction to hear the lawsuit. Jurisdiction, in turn, relies upon whether the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and ... the delay is not due to the bad faith of the employee[.]" 49 U.S.C. § 31105 (C)(c). By the plain terms of the STAA "kick-out" provision, the court lacks jurisdiction if bad faith **caused the Secretary's delay in issuing an order within 210 days.** Again, what defendants construe and cite as a "bad faith delay" occurred after the 210-day deadline and was nothing more than Plaintiff litigating the case. ALJ caused the 210-day window to expire at the outset by ALJ's scheduling order.

## CONCLUSION

The District Court erred in concluding that it does not have subject matter jurisdiction. Wilson should have been allowed to pursue his claims and have them decided based upon the evidence. The District Court's opinion should be reversed, and this case remanded.

Respectfully submitted,

*(signature)*

Avery Wilson
992 SW 100 Road
Waldron, Kansas 67150
Cellular: 816-663-9782
ctwlitigation@gmail.com

## CERTIFICATE OF SERVCE

I hereby certify that on this 19TH day of October 2022, I filed the foregoing using the Court's EM/ECF filing system, that will send a notification to all counsel of record.

*(signature)*

Avery Wilson
992 SW 100 Road
Waldron, Kansas 67150
Cellular: 816-663-9782
ctwlitigation@gmail.com

## CERTIFICATE OF COMPLIANCE

Pursuant to FRAP 32(a)(7) and Eighth Circuit Rule 32.3, the Appellant certifies that this brief :

1. Complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

   a. This brief contains 2,167 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. Complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   a. This brief has been prepared in proportionately spaced typeface using Microsoft Office Word, in Times New Roman font, 14 pt. for main body text, 14 pt. for footnote text.

**Dated:** this 19TH of October, 2022

*/s/ Avery Wilson*
Avery Wilson
992 SW 100 Road
Waldron, Kansas 67150
Cellular: 816-663-9782
ctwlitigation@gmail.com